## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 18-1037-SDD-RLB**

**DEPUTY RICHARDSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                                 **CIVIL ACTION**

**VERSUS**                                                                            **NO. 18-1037-SDD-RLB**

**DEPUTY RICHARDSON, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 7).

**I.    Background**

On or about October 25, 2018, Kevin Wells ("Plaintiff" filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Deputy Richardson and Sheriff Gautreaux, III, of the East Baton Rouge Sheriff's Department (collectively, "Defendants"). (R. Doc. 1-3). Plaintiff alleges that on September 2, 2017, Deputy Richardson "intentionally injured and denied immediate care" to Plaintiff and used "excessive and unnecessary force" during an arrest resulting in confinement at the East Baton Rouge Parish Prison. (R. Doc. 1-3 at 1).[1] Plaintiff alleges that despite certain injuries on his shoulder and a resulting infection, he was not provided medical care for two days. (R. Doc. 1-3 at 1). In an apparent separate claim, Plaintiff alleges that the East Baton Rouge Sheriff's Office took "an hour and half to respond" to an automobile accident in which he was involved. (R. Doc. 1-3 at 2). Plaintiff alleges that Sheriff Gautreaux "failed to properly instruct, monitor, supervise, and

---

[1] Defendants assert that this arrest occurred as a result of a domestic violence call. (R. Doc. 7 at 1).

1

warn [Deputy] Richardson of dangerous methods, behavior, and actions that injure Citizens. . . ." (R. Doc. 1-3 at 2).

Plaintiff specifically alleges that "Defendants['] actions violate the Equal Protection and Due Process Laws of the United States and Louisiana Constitutions with Sid Gautreaux III having vicarious liability for his actions in [his] official and individual capacity and the actions of Officers Richardson and other subordinates." (R. Doc. 1-3 at 2). Plaintiff further alleges that Defendants failed "to act with the required degree of professionalism, competence, and commensurate care the law and Constitution demands." (R. Doc. 1-3 at 2).

On November 26, 2018, Defendants removed this action on the basis that there is federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1).

On December 18, 2018, Plaintiff filed the instant Motion to Remand. (R. Doc. 5). While Plaintiff appears to assert that this Court lacks federal question jurisdiction, he asserts, as in the Complaint, that his "state and federal" civil rights "have been violated" as a result "of malfeasance, unnecessary force, or malicious intent of Defendants. . . ." (R. Doc. 5 at 1). Plaintiff appears to argue that the action should be remanded to state court because the state court is competent to address the federal and state court claims raised in the Complaint. (R. Doc. 5-1 at 1-3). Plaintiff attaches a copy of a payment by the Department of Veterans Affairs regarding his treatment. (R. Doc. 5-2).

In opposition, Defendants assert that under the well-pleaded complaint rule, the face of the Petition plainly raises a claim for relief under 42 U.S.C. § 1983. (R. Doc. 7).

**II.    Law and Analysis**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This Court has original

2

subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

Having reviewed the pleadings and the arguments of the parties, the Court concludes that Defendants have met their burden of establishing that the Court has federal question jurisdiction pursuant to the well-pleaded complaint rule. The Petition specifically seeks relief under the Equal Protection and Due Process Laws of the United States Constitution. In his own motion to

remand, Plaintiff admits that he is seeking to recover for violation of his federal civil rights. Under these facts, the Court concludes that Plaintiff is seeking relief under federal law, and the Court has federal question jurisdiction under 28 U.S.C. § 1331.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED.**

Signed in Baton Rouge, Louisiana, on April 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**